FILED & ENTERED

SEP 01 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:23-bk-13624-WJ |
| JEAN BARANOWSKI, | CHAPTER 13 |
| Debtor. | **MEMORANDUM OF DECISION** |

On June 12, 2023, Jean Baranowski filed her first incomplete chapter 13 bankruptcy case (6:23-bk-12509-WJ). The Court dismissed that case because the debtor failed to obtain credit counseling prior to filing the case.

The debtor then filed a second incomplete chapter 13 bankruptcy case on July 12, 2023 (6:23-bk-13045-WJ). The Court dismissed that second case for the reasons set forth in the memorandum of decision issued on August 16, 2023 [docket #39].

The debtor then filed this third chapter 13 bankruptcy case two days earlier on August 14, 2023 (6:23-bk-13624-WJ) ("Third Case"). The clerk issued a deficiency notice on August 14, 2023, informing the debtor that the balance of case initiation documents were due by August 28, 2023 [docket #1-1]. Additionally, the clerk's office also issued a 72-hour deficiency notice because the debtor failed to submit the creditors matrix. The clerk of the Court instructed the

- 1 -

debtor to cure this deficiency by August 18, 2023 [docket #10].  The debtor did not do so.

Therefore, pursuant to its standard operating procedure, the clerk of the Court dismissed this case

on August 21st for this deficiency [docket #20].

The debtor then filed the following series of motions and pleadings in this Third Case

(collectively, the "Motions"):

1. Motion to vacate the dismissal filed on August 24th as docket #23.

2. Amended motion to vacate the dismissal filed on August 24th as docket #22.

3. Amended motion to vacate the dismissal filed on August 25th as docket #25.

4. Notice of motion filed on August 25th as docket #26.

Then, while the Motions were pending, the debtor filed two more chapter 13 cases: a fourth

chapter 13 bankruptcy case (6:23-bk-13914-WJ) on August 30, 2023 at 7:44 a.m. ("Fourth Case")

and a fifth chapter 13 bankruptcy case (6:23-bk-13915-WJ) on August 30, 2023 at 8:00 a.m. ("Fifth

Case").  The Fifth Case was closed later in the day as a duplicate filing.  The Fourth Case remains

open and pending.

As a result, the Motions shall be denied for three reasons.

First, and most importantly, the Motions are now moot and are denied on that basis.  The

debtor has proceeded with filing the Fourth Case and she cannot have two bankruptcy cases

simultaneously.

Second, with one exception, the debtor did not serve any of the pleadings on anyone.  Only

the Notice of Motion has a proof of service.  None of the other Motions include a proof of service.

Thus, the debtor sought ex parte relief which, of course, is unfair and heavily disfavored.

Absent highly unusual circumstances, ex parte relief is inappropriate.  Ex parte applications

are solely for extraordinary relief and are rarely granted. Mission Power Eng'g Co. v. Cont'l Cas.

Co., 883 F. Supp. 488, 489 (C.D. Cal. 1995).  Such applications are "inherently unfair, and they

pose a threat to the administration of justice.  They debilitate the adversary system." Id. at 490.  An

ex parte motion forces the Court to hypothesize regarding what creditors or other opposing parties

would have argued had they been given the chance.

- 2 -

Finally, motions to vacate an order of a federal court – such as a dismissal order – are typically not granted. The request is an "extraordinary remedy and is granted only in exceptional circumstances." The debtor should review the decision of the Court issued on November 20, 2017 in the case of In re Juan Rodriguez and Maria Castillo, case 6:16-bk-15016-WJ. The decision and related order are on the docket as document numbers 52 and 53. Those documents deal with legal issues directly applicable to the relief requested by the Motions in this case.

Similarly, the debtor should review the decision of the Court issued on September 24, 2019 in the case of In re Almaz Mirach, case 6:13-bk-25291-WJ. The decision and the related order are on the docket as document numbers 93 and 94. Those documents deal with legal issues directly applicable to the relief requested in this case.

Accordingly, for all these reasons the Court shall enter a separate order denying the Motions.

IT IS SO ORDERED.

###

Date: September 1, 2023

Wayne Johnson
United States Bankruptcy Judge

- 3 -